**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 05-175 (RWR)** |
| | : | |
| **RICK VAN BRYSON** | : | |
| | : | |
| **Defendant.** | : | |

_____

<u>**MEMORANDUM IN AID OF SENTENCING**</u>

Defendant Rick Van Bryson, through counsel, respectfully submits the following Memorandum in aid of his sentencing.

1.      On November 3, 2005, Rick Van Bryson will come before this Court to be sentenced pursuant to his guilty plea to False Statements Relating to Health Care Matters, in violation of 18 U.S.C. § 1035.  According to the Pre-Sentence Report (PSR) prepared by the United States Probation Office, Mr. Bryson has no criminal history and, therefore, he falls in Criminal History Category I under the United States Sentencing Guidelines.  The PSR also asserts that the total offense level is 10 and that Mr. Bryson's sentencing guideline range is 6-12 months (Zone B).

2.      In this Memorandum, counsel for Mr. Bryson argues that, because the PSR writer has applied an incorrect loss amount, the correct total offense level in this case is 8.  Alternatively, even if this Court finds that the PSR writer has applied the correct loss amount, because this offense did not involve "more than minimal planning," Mr. Bryson's total offense level is 8 under the version

1

of the sentencing guidelines which were in effect at the time of Mr. Bryson's offense.[1]  Mr. Bryson

further submits that, regardless of which guideline range the Court applies in this case, a sentence

of probation is the most reasonable sentence for Mr. Bryson.

## ARGUMENT

### I.    THE POST-<u>BOOKER</u> SENTENCING FRAMEWORK.

Under Justice Breyer's majority opinion in <u>Booker</u>, the "district courts, while not bound to

apply the Guidelines, must consult those Guidelines and take them into account when sentencing.

<u>See</u> 18 U.S.C. § 3553(a)(4)."  <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).  While holding that

district courts should still consider the Guideline calculations and ranges for sentencing purposes,

the remedial majority in <u>Booker</u> held that courts must consider all the purposes of sentencing set

forth in 18 U.S.C. § 3553(a).  Pursuant to <u>Booker</u>, therefore, courts must treat the Guidelines as one,

among several, sentencing factor.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a) – which were explicitly endorsed by the Supreme

Court in <u>Booker</u> – sentencing courts should consider the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect

for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant;

and

(D) to provide the defendant with the needed educational and

---

[1] The 2000 version of the Sentencing Guidelines were in effect at the time of the instant offense.  For *ex post facto* purposes, the court must apply the 2000 version of the Sentencing Guidelines in this case if doing so results in a lower sentencing guideline range.

vocational training, medical care, or other correctional

treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to

comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances

of the offense, the history and characteristics of the defendant, the range of sentences available, the

need to avoid unwanted sentencing disparities among defendants with similar records who have been

found guilty of similar conduct, and the need to provide restitution to any victims of the offenses

charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the Booker majority:

No limitation shall be placed on the information concerning the background, character,
and conduct of a person convicted of an offense which a court of the United States may
receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term
of imprisonment is to be imposed, in determining the length of the term, shall consider
the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing
that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of Booker, as well as Sections 3553, 3661, and 3582 of Title

18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining

the appropriate sentence. After Booker, courts need not justify sentences outside the guideline range

by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed

is reasonable and supported by the factors outlined in Section 3553, courts may exercise their

discretion in individual cases and impose sentences which are not within the proposed guideline

range.

II.    **SENTENCING GUIDELINES CALCULATIONS.**

A.    **The Government Has Not Sufficiently Proved That the Loss Amount in This Case is More Than $30,000.**

Undoubtedly, the government bears the burden of "proving any facts that may be relevant to sentencing." United States v. Price, 409 F.3d 436, 444 (D.C. Cir. 2005). In this case, the government has not met its burden with respect to proving that the proper loss amount in this case is $37,417.34. After the completion of Mr. Bryson's unlawful conduct and after the government had an opportunity to evaluate the full impact of Mr. Bryson's activities, Mr. Bryson was advised by the government that the loss amount applicable to his conduct is $20,050.04. Without an explanation which is satisfactory to Mr. Bryson and without any sufficient proof, the government revised its loss calculations and it now argues that the loss amount in this case is $37,417.34. Mr. Bryson believes the Court should apply the $20,050.04 loss figure and that Mr. Bryson's sentencing guideline range should be calculated based on this amount.

When applying the 2004 edition of the Sentencing Guidelines, all parties agree that the base offense level in Mr. Bryson's case is 6. According the 2004 Sentencing Guidelines, a 4-level increase is warranted if the loss amount is more than $10,000 and not more than $30,000. But, if the loss amount is more than $30,00 and not more than $70,000, a 6-level increase is warranted. Because Mr. Bryson submits that the correct loss amount in his case is more than $10,000 and not more than $30,000, his base offense level should be increased by four levels. After applying the undisputed 2-level reduction for acceptance of responsibility, Mr. Bryson's Total Offense Level is 8. With a Total Offense Level of 8 and a Criminal History Category of I, Mr. Bryson's correct sentencing guideline range is 0-6 months (Zone A).

B.    **When Applying the 2000 Edition of the United States Sentencing**

4

**Guidelines, a 2-Level Enhancement for More Than Minimal Planning is Unwarranted in This Case.**

If this Court finds that the proper loss amount is more than $30,000, the court should apply the 2000 version of the Sentencing Guidelines if it is determined that the more than minimal planning enhancement pursuant to U.S.S.G. § 2F1.1(b)(2)(A) is inapplicable. Based on the reasons articulated by the government in its Sentencing Memorandum, it is Mr. Bryson's position that an enhancement under U.S.S.G. § 2F1.1(b)(2)(A) is unwarranted. Therefore, when applying the 2000 version of the Sentencing Guidelines, Mr. Bryson's Total Offense Level is 8 and his guideline sentencing range is 0-6 months (Zone A).

### III.    A SENTENCE OF PROBATION IS THE MOST REASONABLE SENTENCE IN THIS CASE.

####   A.    Background.

Due to Mr. Bryson's inexcusable conduct about five years ago, Mr. Bryson will be facing sentencing on November 3, 2005 in relation to a matter which brings him before the Criminal Justice System for the first time in his life. With the exception of Mr. Bryson's illegal conduct approximately five years ago, Mr. Bryson has lived a very productive, admirable and law abiding life. Immediately after highschool, Mr. Bryson entered a well respected four year university in North Carolina.[2] PSR, ¶ 43. Mr. Bryson eventually graduated from the University of North Carolina with a Bachelor of Arts degree in Biology. Id.. Mr. Bryson continued his education in Ohio and he earned a degree as a Doctor of Podiatric Medicine in 1987. Id. For the past fifteen years, Mr. Bryson has been practicing Podiatry in the Washington, D.C. metropolitan area. Also within the last fifteen

---

[2]Mr. Bryson attended the University of North Carolina, Chapel Hill.

years, Mr. Bryson got married and he began raising a son with his wife.  Id.[3]

According the PSR, it appears that Mr. Bryson has never abused drugs or alcohol.  PSR, ¶¶ 50 & 51.  The PSR also indicates that Mr. Bryson has a good character and that he takes his profession seriously.  According to Mr. Bryson's sister, Kay Watkins, Mr. Bryson is "a good person and has a genuine concern for his patients."  PSR, ¶ 45.  According to Vivian M. Grayton, a Supportive Services Coordinator with a non-profit organization, Mr. Bryson "is a very professional and caring individual when he is working with his clientele especially his seniors."  See Exhibit 1.

Mr. Bryson has also displayed an unusual amount of acceptance of responsibility and remorse in connection with his offense.  Mr. Bryson entered into a guilty plea shortly after his indictment was returned and Mr. Bryson has met with the government in order to provide information about others who appear to be committing an offense similar to which Mr. Bryson admits to committing.  Mr. Bryson is extremely remorseful for his conduct and wishes to assure the Court that he will never engage in criminal conduct again.

**B.    18 U.S.C. § 3553(a) Factors**.

A sentence of probation will more than adequately reflect the seriousness of Mr. Bryson's offense.  See 18 U.S.C. § 3553(a)(2)(A).  Mr. Bryson's offense is a non-violent offense and his conduct did not effect the quality of treatment he provided his patients.  In fact, as noted by comments made by Mr. Bryson's sister and by Vivian M. Grayton, Mr. Bryson is a very caring and very professional Podiatrist.  Therefore, a sentence of probation will adequately reflect the seriousness of Mr. Bryson's offense.  For these reasons, a sentence of probation is also consistent

---

[3]Mr. Bryson's son is currently eight years old and he is living with Mr. Bryson and his wife.

with promoting respect for the law and with providing just punishment for Mr. Bryson's offense. See 18 U.S.C. § 3553(a)(2)(A).

Considering that a non-custodial resolution of this case will have a tremendous impact on the quality of Mr. Bryson's life, a sentence of probation will provide ample deterrence for Mr. Bryson and anyone else who may consider committing a similar crime. See 18 U.S.C. § 3553(a)(2)(B). Even if sentenced to a period of probation, Mr. Bryson will lose many important civil rights due to his felony conviction. Mr. Bryson will continue to be prohibited from compensation through medicare for at least a few years. Mr. Bryson may lose his license to practice podiatry. Mr. Bryson will continue to suffer embarrassment and shame as a result of his conduct.

Mr. Bryson's lack of any criminal history clearly indicates that his unlawful behavior in the instant offense was aberrational. Mr. Bryson has truly learned a lesson as a result of this ordeal and he will not return to criminal behavior in the future. For these reasons, a sentence of probation will adequately protect the community from any further crimes on the part of Mr. Bryson. 18 U.S.C. § 3553(a)(2)(C).

**C.    Conclusion**.

For the reasons discussed above, a sentence of more than probation would be greater than necessary to satisfy the statutory purposes of sentencing. See 18 U.S.C. § 3553(a). A sentence of probation is a just and fair sentence in this case. Therefore, a sentence of probation is the most reasonable resolution of this matter.

Respectfully submitted,
A.J. Kramer
Federal Public Defender


_____ /s/ _____
Tony W. Miles
Assistant Federal Public Defenders
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500